J-S38039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALVIN E. GRANDBERRY, III, | : | |
| | : | |
| Appellant | : | No. 2092 MDA 2014 |

Appeal from the PCRA Order entered on November 3, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s): CP-22-CR-0000653-2012;
CP-22-CR-0001270-2012; CP-22-CR-0001273-2012;
CP-22-CR-0004931-2011

BEFORE: WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 30, 2015**

Alvin E. Grandberry, III, ("Grandberry") appeals, *pro se*, from the Order dismissing his first Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On July 13, 2012, Grandberry entered a negotiated guilty plea to a variety of crimes. Pursuant to the negotiated plea bargain, the Commonwealth recommended a prison sentence of seven to fourteen years. The trial court accepted the negotiated plea on the same date and imposed the agreed-upon sentence. Grandberry did not file a direct appeal.

On August 5, 2014, Grandberry filed a *pro se* PCRA Petition. The PCRA court appointed Grandberry counsel, who subsequently filed a Petition

to withdraw as counsel pursuant to **Turner/Finley**.[1]  The PCRA court granted counsel's Petition to withdraw, and dismissed Grandberry's PCRA Petition due to untimely filing.  Grandberry filed a timely Notice of Appeal.

On appeal, Grandberry raises the following questions for our review:

I.  Was the mandatory minimum sentence imposed illegal as the trial judge determined whether the evidence triggered the deadly weapon enhancement[,] as opposed to a finding beyond a reasonable doubt by a jury, thereby violating [Grandberry's] Sixth Amendment right to a determination of beyond a reasonable doubt?

II.  Should the decision in **Alleyne v. United States**[, 133 S. Ct. 2151 (2013)] be applied retroactively pursuant to the "substantive rule" regarding retroactivity announced in **Teague v. Lane**, 489 U.S. 288 (1989)?

Brief for Appellant at 7.

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error."  **Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa. Super. 2012).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review."  **Id**. § 9545(b)(3).

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Here, the trial court sentenced Grandberry on July 13, 2012, and Grandberry did not file a direct appeal. Thus, Grandberry's judgment of sentence became final on August 13, 2012. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 903(a). Grandberry had until August 13, 2013, to file a timely PCRA petition. Therefore, Grandberry's August 5, 2014 Petition is facially untimely under the PCRA.

However, in the event that the petition is not filed within the one-year time frame, the PCRA provides three timeliness exceptions where (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions shall be filed within sixty days of the date the claim could have been presented. *Id*. § 9545(b)(2).

Here, Grandberry claims that the United States Supreme Court's recent decision in *Alleyne* invokes the exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), a newly recognized constitutional right. Brief for Appellant at 12. In *Alleyne*, the Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155. The Court reasoned that a

Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. *Id*. at 2156. Grandberry argues that the trial court enhanced his sentence at sentencing in violation of *Alleyne*. Brief for Appellant at 10-14.

Grandberry's PCRA Petition invoking the exception at section 9545(b)(1)(iii) was untimely. *Alleyne* was decided on June 17, 2013. Grandberry filed the PCRA Petition in August 2014, well over sixty days after the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Even if Grandberry had properly invoked the exception at section 9545(b)(1)(iii), the rule established in *Alleyne* does not apply retroactively. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* applies retroactively where the judgment of sentence has become final); *see also id*. (stating that while *Alleyne* claims go to the legality of the sentence, courts cannot review a legality claim where it does not have jurisdiction). Grandberry failed to meet the requirements of the third timeliness exception. Thus, the PCRA court properly dismissed Grandberry's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/30/2015</u>